1  **Adam C. Anderson (Bar No. 024314)**

2  **ANDERSON LAW PLLC**

3  **48 North Macdonald**

4  **Mesa, AZ 85201**

5  **Telephone:      (480) 272-5983**

6  **E-Mail:          adam@acandersonlaw.com**

7  **Attorney for Plaintiffs**

8

9  **IN THE UNITED STATES DISTRICT COURT**

10  **FOR THE DISTRICT OF ARIZONA**

11  **PHOENIX DIVISION**

12

13  **TINA CHISM, and TERRY CHISM,**

14  **Plaintiffs,**

15  **v.**                                                     **No.**

16

17  **CAVALRY PORTFOLIO SERVICES, LLC.,**          **COMPLAINT & TRIAL**

18                                                              **BY JURY DEMAND**

19  **Defendant.**

20

21       NOW COME the Plaintiffs, TINA CHISM and TERRY CHISM, by and through

22  their attorneys, SMITHMARCO, P.C., and for their complaint against the Defendant,

23  CAVALRY PORTFOLIO SERVICES, LLC., Plaintiffs state as follows:

24                    **I.      PRELIMINARY STATEMENT**

25       1.      This is an action for actual and statutory damages for violations of

26  the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692,

27  et seq.

28

## II. JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4.    TINA CHISM, (hereinafter, "Tina") is an individual who was at all relevant times residing in the City of Idaho Falls, County of Bonneville, State of Idaho.

5.    TERRY CHISM, (hereinafter, "Terry") is an individual who was at all relevant times residing in the City of Idaho Falls, County of Bonneville, State of Idaho.

6.    The debt that Plaintiffs were allegedly obligated to pay was a debt allegedly owed by Terry to HSBC Bank Nevada, N.A. (hereinafter, "the Debt").

7.    The Debt was for a credit card, on which charges were incurred primarily for Terry's personal use and/or household expenditure.

8.    At all relevant times, Plaintiffs were "consumers" as that term is defined by 15 U.S.C. §1692a(3).

9.    CAVALRY PORTFOLIO SERVICES, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Idaho.  Defendant is registered as a limited liability company in the State of Arizona.

10.    The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11.    Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.     ALLEGATIONS

### COUNT I: TINA CHISM v. CAVALRY PORTFOLIO SERVICES, LLC. VIOLATION OF THE FDCPA

15.     Tina re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

16.     On or about July 26, 2012, Tina initiated a telephone call to Defendant.

17.     During the course of the aforesaid telephone conversation between Tina and Defendant, Defendant attempted to collect the Debt from Tina.

18.     During the course of the aforesaid telephone conversation, Defendant's duly authorized representative informed Tina that he was an attorney.

19.     Defendant told Tina that if she did not pay the Debt then Defendant would file a lawsuit against Tina.

20.     Upon information and belief, the duly authorized representative of Defendant who engaged in the aforesaid telephone conversation with Tina was not an attorney.

21.     Defendant's representation that its duly authorized representative was an attorney was false, deceptive and/or misleading given that, upon information and belief, the duly authorized representative of Defendant who engaged in the aforesaid telephone conversation with Tina was not an attorney.

22.     Defendant has not filed a lawsuit against Tina for the Debt.

23.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Tina for the Debt.

24.     Upon information and belief, Defendant has no authority to file a lawsuit against Tina for the Debt.

25.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Tina for the Debt.

26.     During the course of the aforesaid telephone conversation between Tina and Defendant, Defendant told Tina that she could enter into a payment plan with Defendant relative to the Debt.

27.     Due to Defendant's representations, as delineated above, Tina believed that she had to enter into a payment plan with Defendant relative to the Debt in order to prevent Defendant from filing a lawsuit against her.

28.     Defendant suggested that Tina make weekly payments to Defendant in the amount of $100.00.

29.     Tina informed Defendant that she could not afford to make weekly payments to Defendant in the amount of $100.00.

30.     Tina informed Defendant that she could make payments of $50.00 a week to Defendant relative to the Debt.

31.     During the course of the aforesaid telephone conversation, Tina and Defendant agreed that Tina could pay Defendant $50.00 a week, until the Debt was paid in full.

32.     During the course of the telephone call, Tina and Defendant agreed that Tina could pay Defendant $50.00 a week which was to be paid on each Monday of the week, until the Debt was paid in full.

33.     Tina and Defendant agreed that Tina's first $50.00 payment to Defendant would be made on Monday July 30, 2012.

34.     During the course of the telephone call, Defendant informed Tina that it could electronically debit the weekly payments agreed upon by Tina and Defendant from a checking account.

35.     Tina then provided Defendant with her and Terry's checking account information (hereinafter, "Plaintiffs' Account) so that Defendant could automatically

withdraw payments from Plaintiffs' Account in accordance with the terms of the payment arrangement entered into between Tina and Defendant.

36.     Plaintiffs' Account is a joint checking account held by Tina and Terry.

37.     On or about July 30, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

38.     On or about July 30, 2012, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

39.     On or about July 30, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

40.     On or about August 6, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

41.     On or about August 6, 2012, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

42.     On or about August 6, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

43.     On or about August 13, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

44.     On or about August 13, 2012, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

45.     On or about August 13, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

46.     On or about August 20, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

47.     On or about August 20, 2012, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

48.     On or about August 20, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

49.     On or about August 27, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

50.     On or about August 27, 2012, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

51.     On or about August 27, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

52.     On or about September 4, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

53.     On or about September 4, 20122, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

54.     On or about September 4, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

55.     On or about September 10, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

56.     On or about September 10, 2012, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

57.     On or about September 10, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

58.     On or about September 17, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

59.     On or about September 17, 2012, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

60.     On or about September 17, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

61.     On or about September 24, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

62.     On or about September 24, 2012, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

63.     On or about September 24, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

64.     On or about October 1, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

65.     On or about October 1, 2012, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

66.     On or about October 1, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

67.     On or about October 9, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

68.     On or about October 9, 2012, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

69.     On or October 9, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

70.     On or about October 11, 2012, Tina initiated a telephone call to Defendant wherein Tina informed Defendant to cease debiting payments from Plaintiffs' Account.

71.     Tina informed Defendant that Plaintiffs' did not have the necessary funds available to continue making $50.00 weekly payments to Defendant relative to the Debt.

72.     Defendant informed Tina that it could stop debiting weekly payments from Plaintiffs' Account.

73.     Defendant told Tina that if payments were no longer made towards the Debt then Defendant would file a lawsuit against her relative to the Debt.

74.     During the course of the aforesaid telephone conversation between Tina and Defendant, on multiple occasions, Defendant reiterated that if Tina missed a payment relative to the Debt then Defendant would file a lawsuit against her.

75.     Again, upon information and belief, at the time of making the aforementioned threats, Defendant had no intention of filing a lawsuit against Tina for the Debt.

76.    Again, upon information and belief, Defendant has no authority to file a lawsuit against Tina for the Debt.

77.    Again, upon information and belief, at the time of making the aforementioned threats, Defendant had no authority to file a lawsuit against Tina for the Debt.

78.    Due to Defendant's representations to Tina during the course of the aforesaid telephone conversation, as delineated above, Tina believed that she had to continue making payments to Defendant relative to the Debt in order to prevent Defendant from filing a lawsuit against her.

79.    Tina requested that she be able to make bi-monthly payments to Defendant, in the amount of $50.00 each to be applied towards the Debt, as opposed to weekly payments to Defendant in the amount of $50.00 each.

80.    During the course of the aforesaid telephone conversation, Tina and Defendant agreed that Tina could pay Defendant on a bi-monthly basis, in the amount of $50.00 per payment, until the Debt was paid in full.

81.    During the course of the aforesaid telephone conversation, Tina and Defendant agreed that the next payment Defendant would debit from Plaintiffs' Account would be on October 26, 2012.

82.    During the course of the aforesaid telephone conversation, Tina and Defendant agreed that after the October 26, 2012, payment then Defendant would debit Plaintiffs' Account every other week in the amount of $50.00.

83.    At no time on or prior to October 19, 2012, did Tina request that Defendant change the terms of the payment agreement entered into between her and Defendant on or about October 11, 2012.

84.    At no time on or prior to October 19, 2012, did Terry request that Defendant change the terms of the payment agreement entered into between Tina and Defendant on or about October 11, 2012.

85.   On or about October 19, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

86.   On or about October 19, 2012, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

87.   On or about October 19, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

88.   Tina did not provide Defendant with consent to withdraw $50.00 from Plaintiffs' Account on October 19, 2012.

89.   Terry did not provide Defendant with consent to withdraw $50.00 from Plaintiffs' Account on October 19, 2012.

90.   On or about October 19, 2012, Defendant withdrew funds from Plaintiffs' Account without having permission to do so.

91.   Defendant's conduct in withdrawing funds from Plaintiffs' Account, on or about October 19, 2012, without having permission to do so was conduct that was unfair and/or unconscionable.

92.   On or about October 19, 2012, subsequent to Defendant having withdrawn $50.00 from Plaintiffs' Account, Tina initiated a telephone call to Defendant wherein Tina informed Defendant that it had withdrawn $50.00 from Plaintiffs' Account on October 19, 2012.

93.   During the course of the aforesaid telephone conversation, Defendant acknowledged to Tina that Defendant withdrew $50.00 from Plaintiffs' Account.

94.   In its attempts to collect the Debt allegedly owed by Tina, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

    a.   Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

f. Deposited or threatened to deposit a postdated check or other postdated payment instrument prior to the date on such check or instrument in violation of 15 U.S.C. §1692f(4); and,

g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

95. As a result of Defendant's violations as aforesaid, Tina has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TINA CHISM, by and through her attorneys, respectfully prays for judgment against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II: TERRY CHISM v. CAVALRY PORTFOLIO SERVICES, LLC.
## VIOLATION OF THE FDCPA

96. Terry re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

97.     On or about July 26, 2012, Defendant initiated a telephone call to Terry's son-in-law in in an attempt to collect the Debt.

98.     During the course of the aforesaid telephone conversation between Terry's son-in-law and Defendant, Defendant stated that it was attempting to contact Terry.

99.     During the course of the aforesaid telephone conversation between Terry's son-in-law and Defendant, Defendant's duly authorized representative informed Terry's son-in-law that said representative was an attorney.

100.    Defendant further told Terry's son-in-law that it was attempting to contact Terry about a credit card debt that Terry owed.

101.    Defendant then provided its telephone number to Terry's son-in-law and requested that Terry's son-in-law tell Terry to contact Defendant.

102.    Terry was informed of the contents of his son-in-law's telephone conversation with Defendant.

103.    Upon information and belief, the duly authorized representative of Defendant who engaged in the aforesaid telephone conversation with Terry's son-in-law was not an attorney.

104.    Defendant's representation that its duly authorized representative was an attorney was false, deceptive and/or misleading given that, upon information and belief, the duly authorized representative of Defendant who engaged in the aforesaid telephone conversation with Terry's son-in-law was not an attorney.

105.    Terry did not consent to Defendant communicating with third-parties.

106.    From in or around July 30, 2012, through in or around October 9, 2012, Defendant withdrew multiple payments from Plaintiffs' Account, which was held jointly between Terry and Tina.

107.    From in or around July 30, 2012, through in or around October 9, 2012, the payments Defendant withdrew from Plaintiffs' Account were applied towards the Debt.

108.    During the course of the aforesaid time period, Defendant withdrew funds from Plaintiffs' Account in accordance with a payment agreement entered into between Tina and Defendant.

109.    On or about October 11, 2012, Tina and Defendant entered into a modified payment agreement relative to the Debt.

110.    On or about October 11, 2012, Tina and Defendant agreed that Defendant could withdraw funds from Plaintiffs' Account on a bi-monthly basis, in the amount of $50.00 per payment, until the Debt was paid in full.

111.    On or about October 11, 2012, Tina and Defendant agreed that the next payment Defendant would debit from Plaintiffs' Account would be on October 26, 2012.

112.    At no time on or prior to October 19, 2012, did Tina request that Defendant change the terms of the payment agreement entered into between her and Defendant on or about October 11, 2012.

113.    At no time on or prior to October 19, 2012, did Terry request that Defendant change the terms of the payment agreement entered into between Tina and Defendant on or about October 11, 2012.

114.    On or about October 19, 2012, Defendant withdrew $50.00 from Plaintiffs' Account.

115.    On or about October 19, 2012, Defendant transferred to Defendant $50.00 in funds from Plaintiffs' Account.

116.    On or about October 19, 2012, Defendant successfully transferred the aforesaid funds to Defendant from Plaintiffs' Account.

117.    Tina did not provide Defendant with consent to withdraw $50.00 from Plaintiffs' Account on October 19, 2012.

118.    Terry did not provide Defendant with consent to withdraw $50.00 from Plaintiffs' Account on October 19, 2012.

119.    On or about October 19, 2012, Defendant withdrew funds from Plaintiffs' Account without having permission to do so.

120.    Defendant's conduct in withdrawing funds from Plaintiffs' Account, on or about October 19, 2012, without having permission to do so was conduct that was unfair and/or unconscionable.

121.    In its attempts to collect the debt allegedly owed by Terry, Defendant violated the FDCPA, 15 U.S.C. §1692 in one or more of the following ways:

    a.    Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

    b.    Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

    c.    Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    d.    Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

    e.    Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    f.    Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    g.    Deposited or threatened to deposit a postdated check or other postdated payment instrument prior to the date on such check or instrument in violation of 15 U.S.C. §1692f(4); and,

h.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

122.    As a result of Defendant's violations as aforesaid, Terry has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, TERRY CHISM, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.    All actual compensatory damages suffered;

b.    Statutory damages of $1,000.00;

c.    Plaintiff's attorneys' fees and costs;

d.    Any other relief deemed appropriate by this Honorable Court.

### V.    JURY DEMAND

123.    Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully Submitted,

By: _____s/ Adam Anderson_____

**Attorney for Plaintiffs,**

**TINA CHISM**

**TERRY CHISM**

**December 4, 2012**

**Adam C. Anderson (Bar No. 024314)**

**ANDERSON LAW PLLC**

**48 North Macdonald**

**Mesa, AZ 85201**

**Telephone:    (480) 272-5983**

**E-Mail:        adam@acandersonlaw.com**

**Attorney for Plaintiffs**